## 21584

In the Matter of Arthur Cranwell BOENSCH, Respondent.
(283 S. E. (2d) 442)

*Atty. Gen., Daniel R. McLeod and Asst. Atty. Gen., James W. Johnston, Jr., Columbia, for complainant.*

*Kermit S. King, Columbia, for respondent.*

October 7, 1981.

*Per Curiam:*

In this disciplinary proceeding, respondent is charged with misconduct by failing to keep his client informed on the progress of a subrogation claim, by misrepresenting facts to his client, and by failing timely to pay to the client its portion of the amount recovered. Both the Hearing Panel and the Executive Committee unanimously recommended a public reprimand. We concur.

In June, 1976, Dr. James Altman retained respondent to represent him in a products liability suit against Ford Motor Company for personal injuries received when Dr. Altman's car caught fire. On March 7, 1977, respondent associated Gerald C. Smoak and agreed to divide the fee equally. Mr. Smoak associated Gedney M. Howe, III to be the primary trial attorney. Suit was filed in U. S. District Court for the District of South Carolina in May, 1977.

In October, 1977, American Mutual Fire Insurance Company retained respondent to handle their subrogated interests of Five Thousand Seven Hundred Nineteen and 83/100 ($5,-719.83) Dollars property damage and One Thousand ($1,000-.00) Dollars personal injury protection paid to Dr. Altman. Respondent's contingency fee was 25% if settled out of court or 33 1/3% if settled in court. Mr. Smoak was again associated by respondent.

From November 1977 through July, 1978, American Mutual made four written requests regarding the status of the case. Respondent replied once in August, 1978, indicating he expected the case to be tried in September. The case was tried in October, 1978, and resulted in a verdict for Dr. Altman. It was thereafter settled for an increased amount.

On November 6, 1978, Dr. Altman executed a release and the settlement proceeds were disbursed by Mr. Smoak. All funds were disbursed without deducting American Mutual's subrogated interest.

From November, 1978 through March, 1980, American Mutual wrote respondent several times regarding the case; respondent did not reply. In March, 1979, respondent told American Mutual by phone that the case had been tried and the funds disbursed. He indicated the release was ambiguous as to property damage and that he would get back in touch with American Mutual. Respondent's efforts to have Dr. Altman repay the monies due American Mutual incorrectly disbursed to him were unsuccessful.

American Mutual then brought suit against respondent, the attorney it had retained, in April, 1980. On October 1, 1980, Gerald Smoak issued a check to American Mutual for Four Thousand Four Hundred Seventy Nine and 89/100 (4,479.89) Dollars, the subrogated claim less one-third for attorney's fees. Respondent, Mr. Smoak and Mr. Howe each paid one-third of that amount.

Disciplinary Rule 9-102(B) of the Code of Professional Responsibility provides:

(1) A lawyer shall promptly notify a client of the receipt of his funds, securities, or other properties;

(2) A lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

Failure to disburse settlement proceeds has subjected attorneys to disciplinary action. *Matter of Crosland,* 270 S. C. 546, 243 S. E. (2d) 198 (1978); *Matter of Shuford,* 271 S. C. 304, 247 S. E. (2d) 323 (1978).

Here, respondent failed to keep American Mutual informed of the progress of the case and receipt of funds, in violation of DR 9-102(B)(1). Further, he neglected to cause prompt disbursement to American Mutual its portion of the settlement proceeds from the suit against Ford Motor Company, in violation of DR 9-102(B) (4).

The Court unanimously finds that the Respondent, Arthur Cranwell Boensch, is guilty of misconduct as an attorney. There is substantial thinking on the part of the Court to the effect that he should be indefinitely suspended, but it is the consensus of thinking that he should be and is, hereby, publicly reprimanded by the Court for his acts of professional misconduct enumerated hereinabove.